UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



NO. 04-CV-10616-JLT

CLEAR CHANNEL OUTDOOR, INC. and
LAMAR CENTRAL OUTDOOR, INC.,

        Plaintiffs,

v.

PAUL PIETAL, WILLIAM T. HAYWARD, Jr.,
and DAVID VEATOR, in their official capacities
as Members, MASSACHUSETTS OUTDOOR
ADVERTISING BOARD,

        Defendants.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

Now come the defendants, Paul Pietal, William T. Hayward, Jr., and David Veator, in their official capacities as members of the Massachusetts Outdoor Advertising Board (collectively, "the Board") and make the following answer to the First Amended Complaint, dated June 1, 2004:

FIRST DEFENSE

JURISDICTION

1.    The first sentence of this paragraph is a description of the plaintiffs' case which requires no response from the Board. The remaining allegations of this paragraph are conclusions of law, which require no response from the Board.

VENUE

2.    The Board admits that it is located within the District of Massachusetts and that it is charged with the duty of enforcing the provisions and requirements of Chapters 93 and 93D of the Massachusetts General Laws and the state's obligations under cognate federal law. The remaining allegations of this paragraph are conclusions of law, which require no response from the Board.

## FACTS

3. The Board admits that it is charged with the duty of enforcing the provisions and requirements of Chapters 93 and 93D of the Massachusetts General Laws and the state's obligations under cognate federal law. The remaining allegations of this paragraph are conclusions of law, which require no response from the Board.

4. The Board admits that plaintiffs Clear Channel and Lamar are engaged in the business of outdoor advertising within the Commonwealth of Massachusetts and that they currently hold licenses authorizing them to be so engaged but lacks sufficient knowledge to admit or deny whether Clear Channel and Lamar's erection and maintenance of billboards within the Commonwealth is otherwise lawful. The Board admits that some outdoor advertising signs are commonly known as "billboards," and that signs are a medium of communication that may disseminate noncommercial and commercial messages. The remaining allegations of this paragraph are conclusions of law, which require no response from the Board.

5. The Board lacks sufficient knowledge to admit or deny the allegations contained in this paragraph but admits that the allegations contained in this paragraph are consistent with Clear Channel's filings with the Board.

6. The Board lacks sufficient knowledge to admit or deny the allegations contained in this paragraph but admits that the allegations contained in this paragraph are consistent with Lamar's filings with the Board.

7. Admitted.

7A. The allegations contained in this sub-paragraph are legal conclusions, which require no response from the Board.

7B. The Board admits the existence of an agreement between the Commonwealth of Massachusetts and the United States Department of Transportation concerning state and federal obligations under the U.S. Highway Beautification Act, the contents of which may be ascertained by reference to the writing representing this agreement. The remaining allegations contained in this sub-paragraph are legal conclusions, which require no response from the Board.

8. The Board admits that Paul Pietal is its Chairman, that he resides in the District of Massachusetts, and that he, together with the other Board members, controls the actions of the Board and establishes the policies and regulations of the Board, including but not limited to Board license and permit fees. The remaining allegations contained in this paragraph are characterizations of the plaintiffs' case that require no response from the Board.

9. The Board admits that William G. Hayward is a member of the Board, that he resides in the District of Massachusetts, and that he, together with the other Board members, controls the actions of the Board and establishes the policies and regulations of the Board, including but not

limited to Board license and permit fees. The remaining allegations contained in this paragraph are characterizations of the plaintiffs' case that require no response from the Board.

10. The Board admits that David Veator sits on the Board through his designation by *ex officio* Board member, John Cogliano, the Massachusetts Commissioner of Highways, in confirmcance with G.L. c. 16, § 14; that Mr. Veator resides in the District of Massachusetts; and that Mr. Veator, together with Board members Paul Pietal and William Hayward, controls the actions of the Board and establishes the policies and regulations of the Board, including but not limited to Board license and permit fees. The remaining allegations contained in this paragraph are characterizations of the plaintiffs' case that require no response from the Board.

## GENERAL ALLEGATIONS

11. The Board admits that it has promulgated regulations governing the erection and maintenance of billboard in the Commonwealth and that those regulations appear at 711 C.M.R. 3.00 et seq. The remaining allegations contained in this sub-paragraph are conclusions of law which require no response from the Board.

    A. The allegations contained in this sub-paragraph are conclusions of law which require no response from the Board.

    B. The allegations contained in this sub-paragraph are conclusions of law which require no response from the Board.

12. Denied. Further answering, the Board states that an emergency regulation amending 711 C.M.R. 3.00 et seq. was filed on January 30, 2003, and appeared in the February 14, 2003, Massachusetts Register. On May 2, 2003, the Board held a public hearing on the adoption of the emergency regulation. Notice of the Board's adoption of the emergency regulations appeared in the May 23, 2003, Massachusetts Register.

13. Admitted.

14. Admitted.

15. Denied. Further answering, the Board states that an emergency regulation amending 711 C.M.R. 3.00 et seq. was filed on January 30, 2003, and appeared in the February 14, 2003, Massachusetts Register. On May 2, 2003, the Board held a public hearing on the adoption of the emergency regulation. Notice of the Board's adoption of the emergency regulations appeared in the May 23, 2003, Massachusetts Register.

16. Admitted.

17. Admitted.

18.　Admitted.

19.　Denied.

20.　Denied.

21.　The Board lacks sufficient knowledge to admit or deny the allegations contained in this paragraph, which pertain only to plaintiffs' states of mind.

22.　The allegations of this paragraph are conclusions of law, which require no response from the Board.

23.　The allegations of this paragraph are conclusions of law, which require no response from the Board.

## CLAIM FOR RELIEF

(Fees imposed by the Permanent Fee Schedule Violate the First and Fourteenth Amendments to the Constitution of the United States Because They Exceed the Costs of Administering the OAB's License and Permit System.)

24.　Defendant incorporates all previous responses.

25.　Denied.

26.　The allegations of this paragraph are conclusions of law, which require no response from the Board. To the extent a response is required, the allegations are denied.

PRAYER FOR RELIEF

The plaintiffs are not entitled to any of the relief requested.

Respectfully submitted,

PAUL PIETAL, WILLIAM T. HAYWARD, Jr., and DAVID VEATOR, in their official capacities as Members, MASSACHUSETTS OUTDOOR ADVERTISING BOARD,

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
Juliana deHaan Rice, B.B.O. No. 564918
Assistant Attorney General
Government Bureau
Office of the Attorney General
One Ashburton Place, Room 2019
Boston, Massachusetts 02108-1698
(617) 727-2200, ext. 2062
fax 617-727-5785

Date: June 4, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (mail) (by hand) on 6/4/04.

_____