UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10616 JLT

CLEAR CHANNEL OUTDOOR, INC. and
LAMAR CENTRAL OUTDOOR, INC.,

Plaintiffs,

v.

PAUL PIETAL, in his official capacity as Chairman of the Outdoor Advertising Board;
WILLIAM T. HAYWARD, JR., in his official capacity as Member of the Outdoor Advertising Board; and
DAVID VEATOR, in his official capacity as Member of the Outdoor Advertising Board;

Defendants.

## Supplemental Affidavit of Stephen Hebert

Stephen Hebert, on oath deposes and says that he has personal knowledge of the following facts, except those stated on information and belief, and as to those he believes them to be true.

1. This affidavit supplements the statements made in my Affidavit of May 25, 2004.

2. Since June, 2004, Drew Hoffman, President Clear Channel Outdoor, Massachusetts Division has acted as representative of Plaintiffs Lamar and Clear Channel in ongoing meetings with representatives of the Commonwealth of Massachusetts concerning the Outdoor Advertising Board's permit and license fees. During that period, Mr. Hoffman periodically apprised me of the substance of those discussions.

3. During the course of these negotiations with state officials, there would periodically come a time when a deadline for payment of fees would pressing. The first

such deadline was January 31, 2004, and the second was on February 29, 2004. In each instance, the parties agreed that in order to allow time to continue discussions and to permit broader consultations within the state government, those deadlines would have to be extended. Accordingly, in order to facilitate continued discussions, Lamar agreed to forbear from filing suit while these discussions continued.

4. On March 30, 2004, Lamar authorized the filing of a Complaint in conjunction with written agreement between the parties for a final extension. Lamar authorized counsel to make a final settlement proposal which was communicated through counsel on May 4, 2004. When it became clear that the OAB would not consider this final proposal before the June 30, 2004 deadline for payment in full, Lamar authorized the filing of a Motion for Preliminary Injunction.

5. The only reason that Lamar delayed the filing of the Complaint in this case was to avert litigation and permit the continuation of discussions with state officials.

6. Lamar Central Outdoor Inc. signs through out Massachusetts are used on average at least 13% of the time for non-commercial messages including public interest messages, political messages charitable messages and other content that does not propose the sale or purchase of a product or service. Non-commercial messages are moved from location to location to maximize exposure and, therefore, although no single sign is typically devoted exclusively to non-commercial purposes, virtually all signs display non-commercial messages at some point in time.

7. Lamar typically donates advertising space and the services of its employees to various charitable organizations free of charge. The only expense to the

charitable organization for the use of Lamar's signs is the cost of printing and a nominal posting fee.

8. Lamar signs are also used for political advertising in which candidates for various public offices, and the sponsors and opponents of ballot issues purchase space at commercial market rates. Because of its unique ability to target a specific geographic area, outdoor advertising is one of the most cost efficient methods for candidates for local offices to publicize their candidacies.

9. Lamar signs also disseminate noncommercial messages of general public interest. During the past twelve months, Lamar has disseminated messages on variety of topics and issues including:

(a)     Air National Guard - College Tuition assistance

(b)     Insurance Fraud Bureau – Whistle Blower Program

(c)     National Kidney Foundation – Donate Vehicle

(d)     Foundation for a better life – Senior Assistance

(e)     Father George – Spiritual

(f)     TrapHouse Peace Center – Its all about oil

(g)     American Lung – Donate Vehicle

(h)     Junior Achievement – Volunteer

(i)     Jimmy Fund – K ride

(j)     American Dental Assoc. – Brush your teeth

(k)     Springfield water and sewer commission – Clear Water

I declare under penalty of perjury this ____ day of ____ June, 2004 the foregoing is true and correct.

*[signature]*
Stephen Hebert, Vice President
and General Manager
Lamar Central Outdoor, Inc.

4